UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States**

    v.                                          Case No. 20-mj-37-DL-1
                                           Opinion No. 2020 DNH 120

**Inyemar Manuel Suazo**


**MEMORANDUM AND ORDER**

Inyemar Manuel Suazo was arrested on a criminal complaint in the District of New Hampshire on February 11, 2020. The magistrate judge determined that he should be detained. Suazo has filed a motion to revoke the detention order pursuant to 18 U.S.C. § 3145(b) (Doc. No. 17). After reviewing the record de novo, I deny Suazo's motion.


**I.   LEGAL STANDARDS**

**A.   Standard of Review**

When "a person is ordered detained by a magistrate judge," he "may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the order." § 3145(b).

Precedent dictates that I must review the magistrate judge's detention order de novo. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990); see also United States v.

Oaks, 793 F. App'x 744, 747 (10th Cir. 2019) (applying the same review standard more recently). De novo review, however, does not require a district judge to reinvent the wheel: If the magistrate judge has carefully and correctly analyzed the detention question in a written decision, no purpose is served by attempting to creatively rephrase the magistrate judge's analysis. What matters is that the district judge must independently assess the evidence and reach his or her own conclusions.

In so reviewing the detention order, I "may reject the magistrate judge's fact finding and start the hearing anew[,] or [I] may accept the findings of fact made by the magistrate and hear additional facts and argument." United States v. Cross, 389 F. Supp. 3d 140, 142 (D. Mass. 2019) (quoting United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017)); accord Tortora, 922 F.2d at 883 (providing for appellate review of the district court's decision, which "accepted the subsidiary facts as found by the magistrate," and "the facts as presented in the record and as found by the magistrate").

**B.   Bail Factors**

When resolving a motion to revoke a detention order, I, like the magistrate judge who held the initial hearing on the issue, must "determine whether any conditions or combination of

conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(f). Pursuant to the provisions of § 3142(g), I consider the following factors:

> (1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including . . . family ties, employment, . . . past conduct, . . . [and] criminal history . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§ 3142(g)(1)-(4). If I "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then I must "order the detention of the person before trial." § 3142(e)(1).

"[W]here there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§] 801 et seq.)," a rebuttable presumption arises that no such conditions exist. United States v. O'Brien, 895 F.2d 810, 814-15 (1st Cir. 1990) (internal quotation marks omitted) (quoting § 3142(e)(3)(A)). "The presumption raised as a result of a finding of probable cause to believe that a person has committed a relevant narcotics offense has two components.

3

One is that such a person poses a risk of flight; the second is that he represents a danger to the community." United States v. Moss, 887 F.2d 333, 335 n.3 (1st Cir. 1989); see also United States v. Santos-Ferrer, No. 92-1445, No. 92-1446, 1992 WL 120348, at *3-5 (1st Cir. June 5, 1992) (per curiam) (discussing district court's application and analysis of the presumption in a drug trafficking case). The defendant, however, need only "introduce 'some evidence' to the contrary" to rebut the presumption. O'Brien, 895 F.2d at 815. Even if the defendant rebuts the presumption by producing some evidence, the government retains the burden of persuasion and must prove dangerousness by clear and convincing evidence and a risk of flight by the preponderance of the evidence. United States v. Iglesias-Benitez, No. 92-1837, 1992 WL 210612, at *2 (1st Cir. Sept. 1, 1992) (citing United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991)); see also § 3142(f) (applying the clear and convincing evidence standard to the dangerousness determination in § 3142(e)(1)).

## II. **ANALYSIS**

The magistrate judge issued a carefully considered written order explaining her decision to detain Suazo. See Order of Detention, Doc. No. 18. Reviewing the detention issue de novo in light of the entire record, I conclude that the magistrate judge

4

correctly determined that Suazo must be detained because "no condition or combination of conditions will reasonably assure the safety of any other person and the community." Doc. No. 18 at 12; accord § 3142(e)(1). In reaching this conclusion, I adopt the magistrate judge's findings of fact and rulings of law and write only to explain why Suazo's arguments to the contrary are unpersuasive.

**A.   The No-Contact Violation**

Suazo argues that the magistrate judge mistakenly relied on Suazo's violation of a no-contact order in a related case when determining that he should be detained here. I disagree. Suazo was indicted on nearly identical charges in the District of Maine in 2018. Days before his case was originally set for trial in December 2019, "the government alleged that [Suazo] violated the condition of his pretrial release that he 'avoid all contact directly or indirectly,' with any co-defendant (except when counsel is present)," Order of Revocation and Detention at 1, United States v. Suazo, No. 2:18-cr-00026-DBH (D. Me. Dec. 17, 2019), ECF No. 586, when Suazo (1) arranged a meeting with a co-defendant, Julio Mejia; (2) showed Mejia a picture of Mejia's cooperation agreement; and (3) threatened to publish it on the internet if Mejia testified against him. Bail Hearing Transcript

5

at 7 ll. 17-22, United States v. Suazo, No. 2:18-cr-00026-DBH (D. Me. Dec. 16, 2019).

Judge D. Brock Hornby "found by clear and convincing evidence" that Suazo violated the no-contact condition. Order of Revocation and Detention, supra, at 1. He also found that Suazo should be detained pursuant to 18 U.S.C. § 3148(b)(2)(B), because Suazo was "unlikely to abide by any conditions or combination of conditions of release." Order of Revocation and Detention, supra, at 2 (internal quotation marks omitted) (quoting § 3148(b)(2)(B)) (finding that Suazo would not adhere to the no-contact provision going forward). As a result, Suazo's bail was revoked, and he was detained pending trial.

Suazo admits the no-contact violation but claims that it does not support the detention order in this case because it was an innocent meeting arranged by Mejia. After reviewing all of the relevant evidence that bears on the no-contact violation, much of which was not available to the magistrate judge, I conclude that clear and convincing evidence establishes that it was Suazo who initiated contact with Mejia and that Suazo did so in an effort to prevent Mejia from testifying against him. Given this finding, the no-contact violation stands as strong evidence that Suazo presents a danger to potential witnesses in the current case and that conditions of release cannot sufficiently manage this danger.

B. <u>**Impact of COVID-19 on Suazo's Ongoing Detention**</u>

Suazo argues that he has been denied his due process rights because he is being detained pending indictment during the COVID-19 pandemic[1] and that such detention has been "prolonged . . . by the emergency . . . ." Def.'s Mot. to Revoke Detention Order, Doc. No. 17 at 6. He further states that "the difficulty of separation from his son and family during this emergency should . . . be taken into account . . . ." Doc. No. 17 at 7. He offers no medical evidence to support a claim that he is at an elevated risk of serious complications should he contract the disease.

I agree with the magistrate judge's findings on this issue. Then, as now, Suazo "has presented no evidence that his age or health circumstances place him at high risk to experience severe illness if he contracts the virus. He also presents no evidence that there has been a lack of precautions or appropriate measures by the" Merrimack County House of Corrections, where Suazo is currently detained pending indictment, or that "the facility is unprepared to . . . care for those who may become infected with the virus." Doc. No. 18 at 11. I appreciate both

---

[1] In a previous order, I addressed whether Suazo's indictment has been delayed by this court's standing orders on the COVID-19 pandemic, postponing grand jury proceedings — it has not — and whether his detention pending indictment has violated his rights under the Speedy Trial Act — it has not. I do not take up those arguments again.

the generalized risk COVID-19 presents to those detained in correctional facilities and the inherent burden of being separated from one's family, especially during trying times. Without a particularized health risk presented by COVID-19 to Suazo, however, I cannot order Suazo released based on these grounds. I agree, therefore, with the magistrate judge that Suazo fails to make a sufficient argument for his release in light of COVID-19.

C.  **Other Arguments**

Suazo notes that he has no prior criminal record. Doc. No. 17 at 1. He complains about the lengthy period of pretrial detention he served on the related charges in the District of Maine, which were dismissed on the eve of trial. Doc. No. 17 at 2, 4. He also argues that he is improperly being housed with prisoners who have already been adjudged guilty of their crimes. Doc. No. 17 at 16. None of these arguments persuade me that Suazo is entitled to pretrial release.

### III. **CONCLUSION**

For the foregoing reasons, after reviewing the entire record in this case de novo, I determine by clear and convincing evidence that no condition or combination of release conditions exist that will reasonably assure the safety of any other person

8

and the community. Accordingly, I deny Suazo's motion to revoke the detention order (Doc. No. 17).

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 10, 2020

cc: Johnathan Nathans, Esq.
    Michael Conley, Esq.
    Edward S. MacColl, Esq.
    U.S. Marshal
    U.S. Probation